# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>CHARLES VERDEL FARNSWORTH, JR.<br><br>                   Petitioner. | No. 51541-5-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P.J. — Charles Farnsworth Jr., seeks relief from personal restraint imposed as a result of his 2012 conviction for first degree robbery, which resulted in a life sentence without possibility of parole. Farnsworth filed an amended personal restraint petition and a supplemental petition, which we consider herein.[1]

AMENDED PETITION

Issue 1: James McFarland's Testimony

Farnsworth and James McFarland were both charged with first degree robbery and both faced life sentences without possibility of parole. McFarland agreed to plead guilty to first degree robbery and first degree theft, with an agreement that if he testified against Farnsworth, the State would move to vacate the robbery conviction. McFarland testified against Farnsworth, but during cross-examination denied that he had pleaded guilty to both robbery and theft and testified that he had only pleaded guilty to theft. Farnsworth sought to impeach McFarland with McFarland's plea

---

[1] Consideration of Farnsworth's petitions was delayed by motions brought in this court and in our Supreme Court.

agreement, but the trial court denied his request to admit the plea agreement. Farnsworth argues that the trial court erred in refusing to admit the plea agreement.

This issue was addressed in Farnsworth's direct appeal. *State v. Farnsworth*, 185 Wn.2d 768, 781-85, 790, 374 P.3d 1152 (2016). And a majority of justices held that any error was harmless. *Farnsworth*, 185 Wn.2d at 785. Farnsworth attempts to recast his argument into prosecutorial misconduct and ineffective assistance of counsel issues. But those issues previously decided cannot be recast in a new manner unless the interests of justice require relitigation of the issue. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013); *In Re Pers. Restraint of Jeffries*, 114 Wn.2d 485, 488, 789 P.2d 731 (1990); *see also In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 720, 16 P.3d 1 (2001). Thus, unless he shows that the interests of justice require relitigation, Farnsworth cannot raise these arguments again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). He makes no such showing; he merely asserts that he received an unfair trial.

Even if we were to consider Farnsworth's argument, both prosecutorial misconduct and ineffective assistance of counsel require a showing of prejudice. *State v. Emery*, 174 Wn.2d 741, 755, 761, 278 P.3d 653 (2012). The Supreme Court's holding that any error was harmless therefore precludes relief on the revised claims. *Farnsworth*, 185 Wn.2d at 783-84; *Emery*, 174 Wn.2d at 754-61. Accordingly, Farnsworth does not demonstrate a ground for relief from restraint.

Issue 2: Prosecutorial Misconduct – Failure to Correct and Inability to Impeach McFarland's Testimony

Farnsworth argues that the prosecutor committed misconduct by not "correcting" McFarland's testimony about his plea agreement. But he does not demonstrate that the prosecutor

has any such duty. McFarland's plea agreement testimony was during cross-examination by Farnsworth's counsel, so the State did not suborn perjury.

Farnsworth also claims ineffective assistance of counsel in not raising this issue and the issue of not being allowed to impeach McFarland with two police reports[2] at trial and on appeal. But his trial counsel attempted to impeach McFarland with the plea agreement and the police reports. Moreover, his appellate counsel raised the impeachment issue in his direct appeal, and Farnsworth does not show that appellate counsel's not raising the second prosecutor's failure to correct testimony issue constitutes ineffective assistance. He does not demonstrate a ground for relief from restraint.

Issue 3:  Prosecutorial Misconduct – Presenting False Evidence

Farnsworth argues that it was prosecutorial misconduct to present false evidence about the circumstances of his prior convictions regarding his wearing of a wig and glasses and that it was ineffective assistance of counsel not to raise this issue with the courts at trial and on appeal. But the State did not present any *evidence* about the prior convictions. While it mentioned these convictions during opening statements, it elected not to introduce this evidence during trial. And both trial and appellate counsel raised this issue.

Issue 4:  Prosecutorial Misconduct – During Opening Statement

Farnsworth argues that the prosecutor committed misconduct by mentioning the evidence of the circumstances of the prior convictions during opening statements. But this issue was also rejected in his direct appeal and cannot be raised again in this petition. *Farnsworth*, 185 Wn.2d at

---

[2] The trial court sustained the prosecutor's objection to the use of the police report for impeachment on grounds of hearsay.

785-86; *Lord*, 123 Wn.2d at 303. Farnsworth also argues that he received ineffective assistance of counsel when counsel failed to address the alleged prosecutorial misconduct. But, again, he cannot recast his argument as ineffective assistance of counsel claims. *Stenson*, 142 Wn.2d at 720.

### Issue 6:[3] Judicial Bias

Farnsworth argues that the trial judge was biased against him and violated the appearance of fairness doctrine when it (1) denied the admission of McFarland's plea agreement, (2) did not allow him to impeach McFarland with the police reports, (3) allowed the prosecutor to use evidence of the circumstances of his prior convictions, (4) allowed the prosecutor to present testimony by McFarland about rude gestures and comments Farnsworth made, and (5) allowed the prosecutor to make references to the circumstances of his prior convictions in her opening statement. All issues except (4) are addressed above, and none shows bias or an appearance of unfairness. As to (4), this issue was rejected in his direct appeal and cannot be raised again here. *Farnsworth*, 185 Wn.2d at 786-87; *Lord*, 123 Wn.2d at 303.

### Issue 7: Ineffective Assistance of Appellate Counsel – Misrepresentation of Evidence

Farnsworth argues that his appellate counsel provided ineffective assistance of counsel in "failing to address the Supreme Court's misrepresentation of the evidence of [his] prior convictions." Am. Pet. at 35. But that alleged misrepresentation pertained to evidence of the circumstances of Farnsworth's prior convictions that, although mentioned in opening statements, was not presented by the prosecutor. Farnsworth does not demonstrate any prejudice.

---

[3] Farnsworth's amended petition did not contain an issue numbered 5.

Issue 8:  Right to Present a Defense

Farnsworth argues that his right to present a defense was violated when the prosecutor rested without presenting the evidence of the circumstances of Farnsworth's prior convictions that she mentioned in her opening statement.  But he fails to show how the prosecutor's decision *not* to introduce that evidence violated his right to present a defense.

Issue 9:  Ineffective Assistance of Trial Counsel – Loss of Evidence

Farnsworth argues that his first trial counsel's deficient performance led to "loss of a crucial witness and a three minute portion of exculpable video evidence."  Am. Pet. at 37.  But he does not demonstrate who that witness was or that there was exculpatory evidence available.

Issue 10:  Ineffective Assistance of Standby Counsel

Farnsworth argues that his standby counsel provided ineffective assistance of counsel through "unauthorized collaboration with the prosecution."  Am. Pet. at 40.  We address this argument below in the Supplemental Petition Issue B section.

Issue 11:  Ineffective Assistance of Trial Counsel – Failure to Object

Farnsworth argues that his trial counsel provided ineffective assistance of counsel when he did not object to testimony regarding Farnsworth's statements made while refusing to provide a handwriting exemplar.  To establish ineffective assistance of counsel, Farnsworth must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *Emery*, 174 Wn.2d at 755.  We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).  Farnsworth does not show deficient performance.  His statements were volunteered, not the result of custodial interrogation.

There was no federal Fifth Amendment objection that his counsel could have raised. Farnsworth does not demonstrate ineffective assistance of trial counsel.

Issue 12: Ineffective Assistance of Standby Counsel – Failure to be Present

Farnsworth argues that he received ineffective assistance of standby counsel when that counsel was not present at the jail when the State attempted to obtain his handwriting exemplar. A defendant is not constitutionally entitled to standby counsel, and Farnsworth has not shown that standby counsel has any duty to be present for an attempt to obtain a handwriting exemplar pursuant to court order. *See State v. Silva*, 107 Wn. App. 605, 625, 27 P.3d 663 (2001). Thus, Farnsworth does not demonstrate ineffective assistance of standby counsel.

Issue 13: Reiteration of Prior Claims

Farnsworth reiterates the claims made in issues 2 and 7, which we rejected above.

Issue 14: Cumulative Error

Farnsworth argues that cumulative error denied him a fair trial. The cumulative error doctrine applies when several errors occurred at the trial level, none of which alone warrants reversal, but the combined errors effectively denied the defendant a fair trial. *Yates*, 177 Wn.2d at 65-66. After reviewing this record, we hold that Farnsworth has not shown an accumulation of error that would warrant reversal under the cumulative error doctrine.

SUPPLEMENTAL PETITION

Issue A: Ineffective Assistance of Trial Counsel – Loss of Evidence

Farnsworth argues that he received ineffective assistance of counsel from his first trial counsel. But this argument was raised and rejected in issue 9, above.

Issue B:  Ineffective Assistance of Standby Counsel – E-mail

Farnsworth argues that he received ineffective assistance of counsel from his standby counsel.  Farnsworth had prepared motions that he wanted standby counsel to file for him.  After counsel did so, he wrote an e-mail to the Department of Assigned Counsel and to the prosecutor informing them that Farnsworth did not want him to continue as standby counsel because Farnsworth believed that counsel was mocking him in court.  Counsel requested that new standby counsel be assigned.  Farnsworth then was appointed a third attorney.  Farnsworth does not show that the e-mail constituted deficient performance or resulting prejudice.

Farnsworth also argues that standby counsel was ineffective in not filing his motion for a line-up identification.  But Farnsworth's motion did not identify what witnesses should be required to participate, and so his motion could not have been granted.  Farnsworth does not demonstrate ineffective assistance by standby counsel.

Issue C:  Ineffective Assistance of Standby Counsel – Failure to be Present

Farnsworth argues that his second standby counsel provided ineffective assistance of counsel.  This argument is raised and rejected in issue 12, above.

Issue D:  Prosecutorial Misconduct – Failure to Correct and Inability to Impeach McFarland's Testimony

Farnsworth argues that the prosecutor committed misconduct when she aided McFarland's perjury.  This argument is raised and rejected in issue 2, above.

Issue E:  Prosecutorial Misconduct During Opening Statement.

Farnsworth argues that the prosecutor committed misconduct when she mentioned the circumstances of Farnsworth's prior convictions.  This argument is raised and rejected in issues 3 and 4, above.

Issue F: Exculpatory Evidence

Finally, Farnsworth submits a declaration stating that there are two witnesses who could have exculpated him. Farnsworth must present evidence showing that his factual allegations are based on more than speculation, conjecture, or inadmissible hearsay. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). Here, the declaration consists of mere hearsay statements. His declaration is not sufficient to establish his entitlement to a new trial. *Rice*, 118 Wn.2d at 886.

Farnsworth does not present any grounds for relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
WORSWICK, P.J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.